NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| GOVERNMENT EMPLOYEES INSURANCE CO., GEICO INDEMNITY CO., GEICO GENERAL INSURANCE COMPANY and GEICO CASUALTY CO.,<br><br>*Plaintiffs,*<br><br>v.<br><br>LYUDMILA PORETSKAYA, M.D., et al.<br><br>*Defendants.* | Civil Action No.: 16-08448 (JMV)(JBC)<br><br>**OPINION** |

**John Michael Vazquez, U.S.D.J.**

## I.     INTRODUCTION

This matter comes before the Court on Plaintiffs Government Employees Insurance Co., GEICO Indemnity Co., GEICO General Insurance Company, and GEICO Casualty Co.'s (collectively, "Plaintiffs" or "GEICO") unopposed motion for default judgment against Defendant Grigory Shtender, M.D. ("Shtender" or "Defendant") under Federal Rule of Civil Procedure 55(b). D.E. 80. The Court reviewed all submissions made in support of the motion, and considered the motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1(b). For the reasons that follow, Plaintiffs' motion is **GRANTED**.

## II.   FACTS[1] AND PROCEDURAL HISTORY

Defendant is a licensed physician practicing in New Jersey. D.E. 1, Complaint ("Compl.") at ¶ 12. Between mid-2010 and mid-2012, Defendant and his co-Defendants submitted billing for fraudulent services through North Jersey Diagnostic & Pain, P.A. ("North Jersey Diagnostic"). *Id.* at ¶ 88. During this period, Defendant created "phony initial examination reports" on insured patients involved in automobile accidents, and then used the results from those reports as "a false basis to perform medically unnecessary electrodiagnostic tests" on the patients. *Id.* at ¶ 89. He also created false electrodiagnostic testing reports to diagnose insured patients with nerve injuries, and used those diagnoses to subject the insured patients to "medically unnecessary pain management injections." *Id.*

In late 2012, Defendant's co-Defendants created a new company, New Jersey Pain Management & Rehab, P.A. ("New Jersey Pain"). *Id.* at ¶ 94. Thereafter, Defendant began billing for the fraudulent electrodiagnostic testing through New Jersey Pain. *Id.* at ¶ 95. Defendant continued to bill New Jersey Diagnostics for pain management injections during this time. *Id.* at ¶ 96. In 2014, Defendant's co-Defendants again created two new companies, Doctor Poretskaya Medical Practice P.C. ("Poretskaya PC") and PL PMR Medical, P.C. ("PMR"), for the purposes of continuing to fraudulently bill Plaintiffs. *Id.* at ¶ 98. After those companies were created, Defendant ceased billing Plaintiffs through New Jersey Pain, and instead continued to fraudulently bill through Poretskaya PC and PMR. *Id.* at ¶ 99.

Defendant was also part of a "pay-to-play" scheme where he and his co-Defendants paid "unlawful compensation" to medical offices in exchange for "medically unnecessary referrals."

---

[1] The facts of this matter derive from the Complaint as well as the affidavits and exhibits submitted in conjunction with Plaintiff's motion for default judgment. *See* D.E. 20.

*Id.* at ¶¶ 112-113, 115. This unlawful compensation included payments disguised as legitimate fees for lease space, when in fact Defendant and his co-Defendants did not regularly operate out of the supposed offices for which they made payments. *Id.* at ¶ 118. Furthermore, the "lease" payments were not fixed fees nor were they paid over a regular lease term; rather, Defendant and his co-Defendants only made payments on dates where the offices referred patients for fraudulent services. *Id.* at ¶¶ 117-118. The improper compensation also included return referrals for "medically unnecessary chiropractic services." *Id.* at ¶ 123. In furtherance of this scheme, Defendant created false examination reports and diagnoses to refer insured patients to chiropractor offices owned by his co-Defendants for additional baseless chiropractic services. *Id.* at ¶ 111.

On November 11, 2016, GEICO filed a fifty-three-count complaint against Defendant and his co-Defendants seeking punitive, compensatory, and treble damages. D.E. 1. Defendant was served with the Complaint, and proof of service was filed with the Court. D.E. 13; D.E. 80-1, Plaintiffs' Memorandum of Law in Support of Motion for Entry of Default Judgment Against Defendant Grigory Shtender, M.D. ("Memo") at 2. Defendant failed to appear or respond.

On January 6, 2017, Plaintiffs requested an entry of default against Defendant, which was entered that same day. D.E. 14. Plaintiff then filed a motion for default judgment as to Defendant as well as co-Defendants: Konstantine Fotiou, D.C.; First Care Chiropractic Center, L.L.C.; Joseph Nieroda, D.C.; Elizabeth Avenue Chiropractic Center, P.C.; and Mora Chiropractic Center, P.C. D.E. 35. On September 14, 2017, the Court denied the motion as to Defendant without prejudice. D.E. 65. On March 8, 2018, Plaintiffs filed the instant motion. D.E. 80.

## III. LAW AND ANALYSIS

### A. Standard of Review

"Once a party has defaulted, the consequence is that 'the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.'" *Teamsters Pension Fund of Phila. & Vicinity v. Am. Helper, Inc.*, No.11-624, 2011 WL 4729023, at *2 (D.N.J. Oct. 5, 2011) (quoting *DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 & n.6 (3d Cir.2005)). "The entry of a default judgment is largely a matter of judicial discretion, although the Third Circuit has emphasized that such 'discretion is not without limits, however, and [has] repeatedly state[d] [its] preference that cases be disposed of on the merits whenever practicable.'" *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535 (D.N.J. 2008) (quoting *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir.1984)).

Prior to entering a default judgment, the court is required to: "(1) determine it has jurisdiction both over the subject matter and parties; (2) determine whether defendants have been properly served; (3) analyze the Complaint to determine whether it sufficiently pleads a cause of action; and (4) determine whether the plaintiff has proved damages." *Moroccanoil, Inc. v. JMG Freight Grp. LLC*, No. 14-5608, 2015 WL 6673839, at *1 (D.N.J. Oct. 30, 2015). Additionally, the Court must consider the following factors: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000); *see also Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc.*, 175 F. App'x 519, 522 (3d Cir. 2006).

## B. Jurisdiction and Service

"Before entering a default judgment as to a party 'that has not filed responsive pleadings, the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties.'" *HICA Educ. Loan Corp. v. Surikov*, No. 14-1045, 2015 WL 273656, at *2 (D.N.J. Jan. 22, 2015) (quoting *Ramada Worldwide, Inc. v. Benton Harbor Hari Ohm, L.L.C.*, No. 08–3452, 2008 WL 2967067, at *9 (D.N.J. July 31, 2008)).

### i. Subject Matter Jurisdiction

This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 over claims brought under 18 U.S.C. §§ 1961 *et seq.* (the Racketeer Influenced and Corrupt Organizations ("RICO") Act). Because the claims against Defendant arises out of the same case and controversy as the RICO claims, this Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367 *et seq.*

### ii. Personal Jurisdiction

"Where a forum seeks to assert specific jurisdiction over an out-of-state defendant... th[e] 'fair warning' requirement is satisfied if the defendant has 'purposefully directed' his activities at residents of the forum...and the litigation results from alleged injuries that 'arise out of or relate to' those activities." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 473-474 (1985) (internal citations omitted). Defendant is a resident of New York, but has been licensed as a physician in New Jersey since 2005. Moreover, Defendant performed the fraudulent billing practices and other improper conduct in New Jersey. Compl. at ¶ 12. By practicing in New Jersey, Defendant has "purposefully directed" his activities at the residents of New Jersey. The Court has, at a minimum, specific personal jurisdiction over Defendant as to the activity alleged in the Complaint.

### iii. Sufficiency of Proof of Service

"Before the Court can enter default judgment, it must find that process was properly served on the Defendant." *Teamsters Pension Fund of Philadelphia*, 2011 WL 4729023, at *2 (citing *Gold Kist, Inc. v. Laurinburg Oil Co., Inc.*, 756 F.2d 14, 19 (3d Cir.1985)). Federal Rule of Civil Procedure 4 governs service of a summons and complaint. Here, true and correct copies of the Complaint were personally served on Defendant and proof of service was subsequently filed with the Court. D.E. 13. Thus, this Court finds that Plaintiffs properly served Defendant.

### C. Sufficiency of Causes of Action and Damages

Plaintiffs allege causes of action for insurance fraud, common law fraud, aiding and abetting fraud, and unjust enrichment. D.E. 1.[2] Plaintiffs seek treble damages against Defendant plus interest, costs for investigation, costs incurred in relation to the prosecution of this action, and any other relief the Court deems proper. *Id.* at 2.

A practitioner violates the New Jersey Insurance Fraud Prevention Act (IFPA) if he

> [p]resents or causes to be presented any written or oral statement as part of, or in support of or opposition to, acclaim for payment or other benefit pursuant to an insurance policy, knowing that the statement contains any false or misleading information concerning any fact or thing material to the claim; or…[p]repares or makes any written or oral statement that is intended to be presented to any insurance company or any insurance claimant in connection with, or in support of or in opposition to any claims for payment or other benefit pursuant to an insurance policy, knowing that the statement contains any false or misleading information concerning any fact or thing material to the claim…

---

[2] Defendant is charged with Counts Two, Four, Seven, Eight, Ten, Seventeen, Eighteen, Twenty, Twenty-Seven, Twenty-Nine, Thirty, Thirty Two, Forty-Eight, Fifty, Fifty-Two and Fifty-Three.

N.J.S.A. 17:33A-4. Here, the facts state that Defendant has repeatedly, since mid-2010, created false reports, examinations, and diagnoses for the purpose of receiving unlawful payment from GEICO. *See* Compl. at ¶¶ 88-118. Accordingly, Plaintiffs have sufficiently alleged a cause of action for a violation of IFPA.

To establish a claim for common law fraud in New Jersey, plaintiffs must allege the following: "(1) a material misrepresentation of a presently existing or past fact; (2) knowledge or belief by the defendant of its falsity; (3) an intention that the other person rely on it; (4) reasonable reliance thereon by the other person; and (5) resulting damages." *Stockroom, Inc. v. Dydacomp Development Corp.*, 941 F.Supp.2d 537, 546 (D. N.J. 2013) (citing *Gennari v. Weichert Co. Realtors*, 148 N.J. 582, 610 (1997)). GEICO sufficiently alleges a cause of action based on common law fraud. The facts state that Defendant intentionally misrepresented information in his medical examinations in order to support false diagnoses for unnecessary medical treatment. Compl. at ¶¶ 88-89. GEICO justifiably relied on these misrepresentations, and as a result GEICO paid "at least $300,000.00" to satisfy the fraudulent billing submitted by Defendant. *Id.* at ¶ 434. Thus, Plaintiffs have met all elements to establish a cause of action for common law fraud.

"To state a claim for unjust enrichment, a plaintiff must allege "'(1) that the defendant has received a benefit from the plaintiff, and (2) that the retention of the benefit by the defendant is inequitable.'" *Hassler v. Sovereign Bank*, 644 F. Supp. 2d 509, 519 (D.N.J. 2009), *aff'd*, 374 F. App'x 341 (3d Cir. 2010). Here, Defendant received the benefit of being paid for bills that were fraudulent at GEICO's expense. Compl. at ¶¶ 512-515. Therefore, these facts sufficiently establish a cause of action for unjust enrichment.

To properly allege aiding and abetting of common law fraud, Plaintiff must show that Defendant willfully and knowingly gave substantial assistance to others who perpetrated the

7

underlying fraud. *Failla v. City of Passaic*, 146 F.3d 149, 158 (3d Cir. 1998). Here, Defendant created fraudulent examination reports that misrepresented insured patients' symptoms and conditions to get unlawful referrals for pain-management injections, electrodiagnostic testing. Compl. at ¶¶ 111-123. Defendant also created these false reports knowing that his co-Defendants working in chiropractic offices would use the reports to legitimize the unnecessary services they claimed to provide to the insured patients. *See id.* at ¶¶ 111-130. Defendant further made improper payments to other doctors for their unnecessary referrals to him and the affiliated chiropractic clinics. *Id.* at ¶¶ 112-113, 115. Thus, the facts sufficiently establish a cause of action for aiding and abetting fraud.

### D. Default Judgment

"Before imposing the extreme sanction of default judgment, district courts must make explicit factual findings as to (1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Teamsters Pension Fund of Phila.*, 2011 WL 4729023, at *4 (quoting *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008)).

Here, all three factors weigh in favor of entering default judgment. First, considering that Defendant has not responded in this matter, "Defendant has put forth no evidence or facts containing any information that could provide the basis for a meritorious defense." *HICA Educ. Loan Corp.*, 2015 WL 273656, at *3. As for the second factor, without a default judgment, "Plaintiff has no other means of seeking damages for the harm allegedly caused by Defendant[s]." *Gowan v. Cont'l Airlines, Inc.*, No. 10-1858, 2012 WL 2838924, at *2 (D.N.J. July 9, 2012). Lastly, Defendant's failure to answer, without providing any reasonable explanation, demonstrates his culpability in the default. *See Days Inns Worldwide, Inc. v. Mangur LLC*, No. 15-CV-2027,

2016 WL 845141, at *4 (D.N.J. Mar. 4, 2016). For those reasons, the Court finds that default judgment is warranted.

### E. Remedies

Final judgment may be entered if damages are articulated for a certain sum. Fed. R. Civ. P. 55(b)(2). The Court need not accept a plaintiff's' allegations regarding damages as true. *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535 (D.N.J. 2008). Instead, a plaintiff must provide adequate proof to establish damages. Under IFPA, "a successful claimant under subsection a. *shall recover* treble damages if the court determines that the defendant has engaged in a pattern of violating this act." N.J.S.A. 17:33A-7(b) (emphasis added); *see Material Damages Adjustment Corp. v. Open MRI of Fairview*, 799 A.2d 731, 740 (N.J. Super. Ct. App. Div. 2002) ("The statute also *mandates* treble damages...") (emphasis added). A "pattern" is defined as five violations, or violations that "involve either the same victim, or same or similar actions on the part of the person or practitioner charged with violating the Fraud Act." *Allstate Ins. Co. v. Greenberg*, 376 N.J. Super. 623, 640 (N.J. Super. Ct. App. Div. 2004) (quoting N.J.S.A. 17:33A-4) (internal quotations omitted). Under this analysis, "each false claim constitutes a separate fraudulent act." *Id.* (citing *Merin v. Maglaki*, 599 A.2d 1256, 1259 (N.J. 1992)).

Plaintiffs seek a total of $7,537,801.11 from Defendant. Memo at 24. This amount represents $2,512,600.37[3] in actual damages, trebled to $7,537,819.11. *Id.*; *see also* D.E. 80-4 ("Root Decl.") ¶ 3. Plaintiffs provide a detailed Declaration of a GEICO employee to support their claim of damages amounting to $2,512,600.37 as the amount GEICO paid in reliance on claims

---

[3] This number is the total of claims paid to North Jersey Diagnostic & Pain ($905,837.13), New Jersey Pain Management & Rehab, P.A. ($533,395.21), First Care Chiropractic Center, L.L.C. ($291,553.21), and Elizabeth Avenue Chiropractic Center, P.C. ($781,814.82). *See* Root Decl. at ¶5.

9

Defendant "submitted or caused to be submitted" to GEICO for payment. *Id.* at ¶4. The Declaration further describes in sufficient detail the calculation process GEICO used. Furthermore, Plaintiffs are successful claimants under IFPA. Plaintiffs show that Defendant has exhibited a pattern of IFPA violations, as evidenced by the repeated instances of fraudulent examinations and corresponding fraudulent billing. Compl. at ¶¶ 82-381. *See Gov't Emps. Ins. Co., et al. v. Hamilton Health Care Ctr. P.C., et al.*, 2018 WL 1226105 at *1 (D.N.J. Mar. 9, 2018) (describing the same underlying conduct occurring since 2008 and granting treble damages); *see also Gov't Emps. Ins. Co., et al. v. Zuberi*, No. 15-4895 2017 WL 4790383 (D.N.J. Oct. 23, 2017) (describing the same underlying conduct occurring over ten years and granting treble damages). Defendant's pattern of unlawful and fraudulent conduct warrants statutory treble damages.

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's motion for a default judgment is granted. An appropriate Order accompanies this opinion.

Dated: April 5, 2018

                                                       John Michael Vazquez, U.S.D.J.